UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIMBERLY SWEENEY,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>HORIZON SPECIALTY HOSPITAL,<br><br>　　　　　　　　　　　Defendant. | Case No.2:15-cv-00053-GMN-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

　　　　Plaintiff Kimberly Sweeney is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and she submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.　　In Forma Pauperis Application (Dkt. #1).**

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.　　Screening the Complaint**

　　　　Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

/ / /

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's complaint attempts to state a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against Defendant Horizon Specialty Hospital. Title VII allows a plaintiff to sue an employer for discrimination on the basis of race, color, religion, gender or national origin. *See* 42 U.S.C. § 2000e(b). It is a single page that alleges "Racial and Religious Discrimination Against Employer" and demands "Job Back and Equal Fair Training, Schedule, Orientation, etc."

The complaint does not state a claim upon which relief can be granted. In order to state a Title VII discrimination claim, a plaintiff must allege that: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). *See* 42 U.S.C. § 2000e-3(e). The complaint does not contain any of

2

1  these allegations.  Furthermore, Plaintiff has not alleged any facts at all to support her claim of
2  racial and religious discrimination.

3  In addition, Plaintiff has not alleged that she has exhausted state or Equal Employment
4  Opportunity Commission ("EEOC") administrative procedures—a prerequisite to filing a lawsuit
5  in federal court alleging claims under Title VII.  Once an employee files charges with the EEOC,
6  it investigates the charges, attempts to reach a settlement, and decides whether to sue the
7  employer or refer the decision to sue to the Attorney General if the charges are against a state or
8  local governmental entity.  *Id.*  If the EEOC or Attorney General decides not to sue, and if there
9  is no settlement that is satisfactory to employee, the EEOC will issue the employee a right to sue
10 letter, and she will have exhausted her remedies with the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).
11 An employee may only sue her employer for violation of the ADA or Title VII after she has
12 received a right to sue letter.  *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820,
13 825-26 (1990).

14 Here, Plaintiff has not stated a claim upon which relief can be granted because she has
15 not alleged exhaustion of her administrative remedies, or stated a factual basis to support a race-
16 and religion-based discrimination claim.  Therefore, the complaint will be dismissed with leave
17 to amend.

18 If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised
19 that she should set forth her claims in short and plain terms, simply, concisely and directly.  *See*
20 *Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.  Plaintiff should
21 support each of her claims with factual allegations, as a "formulaic recitation of the elements" of
22 her claims will not suffice.  *Iqbal*, 556 U.S. at 678.

23 Additionally, the court cannot refer to a prior pleading in order to make an amended
24 complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself
25 without reference to any prior pleading.  This is because, as a general rule, an amended
26 complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).
27 Once plaintiff files an amended complaint, the original pleading no longer serves any function in
28

the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint but shall not issue summons.

4. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

5. Plaintiff shall have until **March 2, 2015**, to file her amended complaint, if she believes she can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" below the case number, **2:15-cv-00053-GMN-PAL**, on page 1 in the caption.

7. Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 30th day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE